# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 21, 2020

| | |
|---|---|
| * * * * * * * * * * * * *  <br>DORIS FOLEY,  <br>   <br>   Petitioner,  <br>   <br>v.  <br>   <br>SECRETARY OF HEALTH  <br>AND HUMAN SERVICES,  <br>   <br>   Respondent.  <br>* * * * * * * * * * * * * | UNPUBLISHED  <br>   <br>   <br>No. 17-208V  <br>Special Master Oler  <br>   <br>Attorneys' Fees and Costs |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Daniel A. Principato*, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 13, 2017, Doris Foley ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 to -34 (2012). Petitioner alleged that she developed transverse myelitis as a result of the influenza vaccination she received on October 1, 2014. *See* Petition, ECF No. 1. On February 5, 2020, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on February 6, 2020. ECF No. 66.

On April 14, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 72 ("Fees App."). Petitioner requests total attorneys' fee and costs in the amount of $42,733.75, representing $40,599.90 in attorneys' fees and $2,081.30 in attorneys' costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner has indicated that she has personally incurred costs of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$52.55 in pursuit of this litigation. *Id.* at 2. Respondent responded to the motion on April 15, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requested that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 74. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I. Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### a. Reasonable Hourly Rate

The undersigned has reviewed the hourly rates requested for the work of Petitioner's counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Mr. Joseph Pepper, with supporting work done by Ms. Christina Ciampolillo, Ms. Lauren Faga, Mr. Ronald Homer, Ms. Meredith Daniels, and Mr. Patrick Kelly) and finds that the rates requested for their work are reasonable and consistent with what they have previously been awarded for their Vaccine Program work. Accordingly, no adjustment to the rates is necessary.

#### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for

administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States,* 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $40,599.90.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $2,081.30 in attorneys' costs. Fees App. at 31-32. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and traveling to meet with petitioner. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner has provided adequate documentation supporting the request. Accordingly, the requested attorneys' costs are reasonable and shall be reimbursed in full.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that she has personally incurred costs of $52.55 for postage. ECF No. 73. Petitioner has provided adequate supporting documentation and the costs are reasonable. Petitioner shall therefore be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $40,599.90 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$40,599.90** |
| | |
| Attorneys' Costs Requested | $2,081.30 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,081.30** |
| | |
| **Total Amount Awarded** | **$42,681.20** |
| | |
| **Petitioner's Costs** | **$52.55** |
| | |
| **Total Amount Awarded** | **$42,733.75** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $42,681.20, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Ronald Homer; and**

2) **a lump sum in the amount of $52.55, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/ Katherine E. Oler
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.